### S. TOPLETZ ET AL V. SUSIE WOODS.

No. 7592. Decided November 6, 1940.
(144 S. W., 2d Series, 258.)

*Geo. T. Burgess,* of Dallas, for plaintiffs in error.

It was error for the court to hold that there was an agreement proven between Susis Woods and S. Topletz whereby he was to give her $1200.00 out of the insurance money with which to repair the improvements because no such agreement was ever plead or established by the evidence. It was also error to hold that the evidence raised a question of waiver, as the fact that defendants had permitted the plaintiff to pay on her note as she could out of the rentals, did not constitute a waiver for insisting upon the payment of the notes after their maturity. Manes v. Bletsch, 239 S. W. 307; Cofer v. Beverly, 184 S. W. 608; Robertson v. Melton, 131 Texas 325, 115 S. W. (2d) 624.

*Lyle Saxon, J. E. Burkholder* and *Harvey C. Ford,* all of Dallas, for defendant in error.

A verdict in this cause should not have been directed in favor of the defendants, because from the evidence adduced at the trial it was in the providence of the jury to weigh the same, and there was sufficient evidence which should have been submitted to the jury for them to consider and from which they could have found facts sufficient to give a verdict for the plaintiff, and there were circumstances of the acceptance of the interest and a payment on the principal of the note after the alleged due date and an oral agreement to extend the lien owing to a fire which damaged the premises while the mortgage was in force, which circumstances constituted a waiver of default of the notes. San Antonio Real Estate B. & L. v. Stewart, 94 Texas 441, 61 S. W. 386; Crawford v. Creel, 62 S. W. (2d) 294.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error, Susie Woods, sued plaintiffs in error, S. Topletz and others, for cancellation of a trustee's sale of real estate and deed under power of sale given in a deed of trust executed by her to secure a note and for recovery of the property. After defendant in error had introduced her evidence and rested the trial court instructed the jury to return a verdict in favor of plaintiffs in error and rendered judgment that defendant in error take nothing. The majority of the Court of Civil Appeals reversed the judgment of the trial court and

remanded the cause, holding that evidence offered by defendant in error raised issues of waiver and estoppel. Chief Justice Bond, in dissenting opinion, expressed the reasons for his belief that the trial court's judgment should be affirmed. 126 S. W. (2d) 781.

Susie Woods borrowed about $14,000.00 from plaintiffs in error, S. Topletz and M. Saffir, and on May 24, 1927, executed therefor her two promissory notes, one for $8500.00 payable to Topletz, due five years after date, and the other for $5872.62 to the order of Saffir, payable in monthly installments of $150.00 per month (except six of the installments, which were for slightly larger amounts) with provision that the monthly payments made should be applied first to the interest on the note for $8500.00 and second and third to the interest and principal on the note for $5872.62. The notes were secured by deeds of trust executed by Susie Woods conveying to a trustee certain lots owned by her on which was constructed, by the use of the borrowed money, an apartment house. The deeds of trust contained the usual provisions, among them being the requirement that the debtor should keep the property insured against fire and tornado in favor of any holder of the secured indebtedness to the full insurable value of the improvements. It is shown that compliance was had with this requirement, although there is no proof in the record as to the contents of the policy or policies of insurance. We assume that the policies contained the standard loss payable or mortgage clause by which any loss or damage "shall be payable to mortgagee named in face of policy as such interest may appear."

My oral agreement of the parties rentals received for the apartments were paid to the holder of the notes and Susie Woods from time to time made other small payments. Maturity of the $8500.00 note was extended by written agreement in 1932 so that the note became due on May 24, 1935. It is impossible for us to determine from the evidence in the statement of facts how much of the principal of the $5872.62 note had been paid when a fire damaged the building on May 30, 1935. Plaintiffs in error assert in the application for writ of error and in their brief filed in the Court of Civil Appeals that on the date last mentioned all of the unpaid installments of that note were, according to its terms, past due. The correctness of such assertion is not questioned by defendant in error and the majority opinion of the Court of Civil Appeals states that both notes were on their face past due on May 30, 1935. Following the fire, adjustment of the loss was made and the insurance company issued its checks, in the total sum of

$4195.01, agreed upon by the parties including Susie Woods, making the checks payable to the order of Susie Woods, S. Topletz, M. Saffir and Jack Barr, who was the adjuster.

Susie Woods testified that she proposed to S. Topletz that he let her have $1200.00 of the proceeds of the insurance to repair the house, but that he declined to do so unless she would agree to let Saffir make the repairs and she would not agree to that. She testified further that when the checks were received from the insurance company she declined to endorse them, but that later L. Topletz, who was bookkeeper for plaintiffs in error, Topletz and Saffir, told her that if she would endorse the checks he would let her have the $1200.00 to repair the building and the balance of the money would be applied to the notes, and that because of that promise or agreement she endorsed the checks on July 11, 1935. Her testimony further shows that plaintiffs in error did not give her any of the proceeds of the insurance after the drafts were collected about two weeks later but applied all of it upon the notes and told her that they were going to foreclose, and that thereafter they foreclosed the lien by causing the trustee to sell the property. The trustee's deed does not appear in the statement of facts and there is no evidence showing when or to whom the trustee's sale was made. However, defendant in error's original petition, which was offered in evidence, and the amended petition on which the case was tried, contain allegations that the land was advertised by the trustee to be sold on the first Tuesday in September, 1935, under the deed of trust given to secure the $8500.00 note payable to Topletz, re-advertised for sale on October 1, 1935, and on that date sold by the trustee to S. Topletz for $6,000.00.

The contention made by defendant in error, and sustained by the majority opinion of the Court of Civil Appeals, is that although both notes were, according to their terms, past due when the trustee's sale was made, the testimony of defendant in error raised as an issue or issues of fact waiver by plaintiffs in error of the default in the payment of the notes or estoppel to enforce their payment by foreclosure. The testimony relied upon as sufficient to raise such issues is that plaintiffs in error over a long period accepted rentals collected for the apartments and other small payments made from time to time by defendant in error, including an interest payment of $8.75 made three days after the maturity of the $8500.00 note as extended and three days before the fire, and never at the time any of such payments were made and accepted demanded payment of the full amounts due or threatened foreclosure; and further that L. Topletz after the fire agreed that she might

use $1200.00 of the proceeds of the insurance to repair the property and that the balance would be applied to the notes.

We are unable to find in this testimony evidence tending to prove either an agreement to extend maturity of the notes or a waiver of those provisions of the notes and deeds of trust by which the notes were due and payable at the specified times and the holder authorized in the event of default in payment at maturity to direct the trustee to sell the property.

The case is not like Ward v. Scarbrough, (Com. App.) 236 S. W. 434, and similar decisions relied upon by defendant in error, in which it was held that the holder of a note, giving him the option to declare the entire indebtedness due for failure to pay an annual installment of interest, waived his right to declare the indebtedness due for nonpayment of an installment of interest by his agreement with the debtor to extend the time for the payment of that installment for a year rather than to enforce collection of the note. In the instant case there is no question as to waiver of option to declare the entire indebtedness due. Defendant in error asserts a waiver of the maturity of the debt as evidence by the written instruments, which is in effect an extension or agreement to extend the maturity of the notes. And the testimony relied upon as tending to prove such waiver or extension is, aside from testimony as to the agreement with L. Topletz, that plaintiffs in error from time to time accepted payments on the notes in amountes less than that due without demanding full payment and without threatening foreclosure. The receipt given for the payment of $8.75 made May 27, 1935, three days after the first lien note of $8500.00 as extended became due, states that the payment is to apply as deposit on first lien interest, indicating, as does the entire record, but there was then interest in a larger amount past due on that note.

■ The agreement that L. Topletz made with Susie Woods when she endorsed the checks issued by the insurance company was, according to her testimony, that he would let her have $1200.00 of the insurance money to replace or repair the building and that the balance would be applied to the notes. She testified that when she returned to his office for the money about two weeks later he told her that he would not let her have it and was going to foreclose. Plaintiffs in error questioned the validity of such agreement, by reason of the absence of evidence tending to prove authority of L. Topletz to bind plaintiffs in error and for want of consideration. We do not determine or discuss these questions further than to observe that, since the policies

of insurance were made payable to the holders of the notes as their interest appeared and the notes were then past due in an amount exceeding that agreed upon in the adjustment of the fire loss, it was the right of plaintiffs in error to collect the insurance and apply it upon the notes. Naquin v. Texas Saving & Real Estate Investment Ass'n., 95 Texas 313, 319, 67 S. W. 85, 58 L. R. A. 711; Camden Fire Ins. Ass'n. v. Sutherland (Com. App.) 284 S. W. 927; House v. Brackins, 130 S. W. (2d) 917; Wheeler v. Factors' & Traders' Inc. Co., 101 U. S. 439, 25 L. Ed. 1055.

■ Neither a breach nor a performance of the agreement made by L. Topletz would affect the right of plaintiffs in error to foreclose the lien by trustee's sale, for, when all of the proceeds of the insurance were applied to the notes, there remained a large amount of principal past due and unpaid, and if $1200.00 from the insurance had been given to Susis Woods to make repairs, a still larger amount of principal would have remained past due and unpaid. Defendant in error did not testify to a promise or agreement that after the use of the $1200.00 for repairing the house and the application of the balance to the notes, the unpaid balance due on the notes would be extended or that she would be given time to pay the balance or procure a new loan. The agreement made and breached was, according to her testimony, that she should have the $1200.00 to use for repairs and that the balance would be applied to the notes.

Estoppel is not raised by the evidence. There is no evidence tending to prove that plaintiffs in error by any act, promise or agreement induced defendant in error to believe that the time for the payment of the past due balance on the notes would be extended or that foreclosure would be deferred for any definite period or for a reasonable time, or that she relied upon any such act, promise or agreement to her injury. The checks in payment of the insurance were cashed on July 11, 1935, and soon thereafter she was advised that the lien would be foreclosed. The trustee's sale was made more than two months later, on October 1.

The trial court did not err in granting plaintiffs in error's motion for instructed verdict. Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court November 6, 1940.