**BERRY et al. v. CURTIS.**

No. 15127.

Court of Civil Appeals of Texas.
Fort Worth.
April 21, 1950.

See also 227 S.W.2d 396.

Frank H. King, of Terrell, for appellants.

Saunders & Thurmond, and J. Byron Saunders, all of Tyler, for appellee.

HALL, Justice.

Appellee C. C. Curtis recovered judgment in the district court of Van Zandt County against G. E. Berry, James Anderson, Vera P. Street, a widow, and Lester Stewart for a total sum of $32,513.14, being the balance of principal, interest and attorney's fees due on a $30,000 note, and for foreclosure of his vendor's and deed of trust liens on 950 acres of land in said County. The trial court credited said judgment with the sum of $2,975, being the net amount collected upon an insurance policy for loss, by fire, of the improvements located on said land, which was in the hands of a receiver appointed by the trial court.

Said note and deed of trust were executed by defendants G. E. Berry et ux on November 1, 1945, made payable to appellee and due on or before November 1, 1970, bearing six per cent interest per annum from date, interest being payable monthly commencing December 1, 1945, and payable on the first day of each succeeding month thereafter until paid, and further providing for the usual accelerating maturity and ten per cent attorney's fee clauses.

Defendants G. E. Berry et ux conveyed said land by warranty deed to appellant James Anderson, who assumed said indebtedness, and who, in turn, by warranty deed conveyed the land to appellants Vera P. Street and Lester Stewart, who also assumed the unpaid balance of said note. Defendants G. E. Berry and wife are not parties to this appeal.

The improvements were covered by an insurance policy for $3,000; fire destroyed a portion of the improvements on November 10, 1948. Appellee filed suit for foreclosure on February 28, 1949. Trial was to the court who found all parties defendant to be in default on payment of the interest installment on December 1, 1948.

As we interpret appellants' points one and two, their substance consists of error of the trial court in rendering judgment for appellee and for a foreclosure of his deed of trust, for the reason that the insurance money derived from loss of the improvements on the premises should have been credited to the payment of the interest installments, thereby preventing default occurring under the terms of the note and deed of trust.

Trial court found the insurance check, supra, made payable to appellee and appellants Vera P. Street and Lester Stewart, was delivered to appellant Vera P. Street on January 17, 1949, who refused to deliver the same to appellee. It further found that appellee requested appellants to pay him the principal and interest due and same was refused. It further found the deed of trust provided that insurance should be carried on said property for benefit of the payee or the legal holder and owner of said note. It further found refusal of appellants to deliver the insurance check to appellee occurred subsequently to notice by appellee to appellants Vera P. Street and Lester Stewart that he was electing to mature the unpaid balance due on said note. The trial court concluded as a matter of law that appellants had not proven a valid defense to appellee's cause of action, which was based on a note and liquidated demand, hence rendered judgment as above.

There is no statement of facts, hence no proof in the record as to contents of the policy or policies of insurance, but we assume that such policy or policies contained loss payable clauses in favor of mortgagee, appellee herein, which would support the trial court's judgment.

The case at bar is similar to the case of Topletz v. Woods, 135 Tex. 380, 144 S.W.

2d 258, 260, in which we interpret the holding to be that mortgagee has a right to foreclose his lien under such conditions, the court saying, " * * * when all of the proceeds of the insurance were applied to the notes, there remained a large amount of principal past due and unpaid * * *." So in the case at bar, balance of the principal of the note became due and payable when the monthly interest payment on the note became in default, which far exceeded the amount collected on the insurance policy. While it is true the insurance money was applied on the indebtedness, as it should have been, yet the same was insufficient to pay the delinquent debt and therefore appellee had a right to proceed with the foreclosure, otherwise, without a stipulation in the insurance policy to the contrary, appellee would lose value of his security in amount of the insurance money which represented loss of the property burned. We find this to be inequitable.

Judgment of the trial court is affirmed.